# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY BILLINGS,**

        **Petitioner,**

**v.**                                        **Civil Action No. 1:08cv47**
                                              **Criminal Action No. 1:04cr27-3**
                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On January 28, 2008, the *pro se* petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The case was referred to the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 5.

Upon a preliminary review of the petitioner's § 2255 motion, it appeared that the motion was untimely. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising the petitioner that his case would be recommend for dismissal unless he could show that his motion was timely. See dckt. 4/204.

On March 3, 2008, the petitioner filed a response to the Court's Hill v. Braxton Notice in which he asserts that "his attorney" did not advise him as to a § 2255 motion. The petitioner explains that he discovered that he might be entitled to § 2255 relief from his cellmate's wife. After discovering that the motion existed, the petitioner asserts that he immediately sought a copy of a § 2255 form and filed his motion. Additionally, the petitioner asserts that he was not aware that there was a one-year time limitation on a § 2255 motion and cites numerous cases which state that

a § 2255 motion may be made at any time.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On March 17, 2004, the petitioner was charged in eight counts of a twelve count indictment. On May 7, 2004, the petitioner pleaded guilty to count three, charging him with distributing approximately .075 grams of cocaine base within 1,000 fee of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860. On May 25, 2005, the petitioner's plea was accepted and he was sentenced to 360 months imprisonment.

### B. Appeal

The petitioner filed a direct appeal on May 26, 2005. The Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence on May 25, 2006. Certiorari was denied by the Supreme Court on December 11, 2006.

### C. Federal Habeas Corpus

In the petition, the petitioner asserts the following grounds for relief:

(1) he had no knowledge of the 152.7 grams that were seized from his co-defendant Kirk Richards;

(2) Richard's claims that three or four times out of six he had Mike Williams deliver crack to the petitioner and he did not witness it because he was outside my house;

(3) Kirk Richards perjured himself when he said that he did not sell crack to anyone else in Clarksburg; and

(4) Under Crack Amendment 2d1.1 as of November 1, 2007, a judge can knock off two points by the Sentencing Commission crack guidelines.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered." See Sherrill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). In this case, the petitioner's writ of certiorari was denied on December 11, 2006. Therefore, the petitioner had one year from that date in which to timely file a § 2255 motion. The instant motion was filed on January 22, 2008, after the statute of limitations had already expired.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In this case, the petitioner argues that he did not know § 2255 relief was available[2] and that the research he has done on this issue shows that a § 2255 motion may be filed at any time. First, equitable tolling is available only in extraordinary circumstances. Not being aware of the existence of § 2255 is insufficient to warrant the application of equitable tolling. Second, the petitioner's reliance on caselaw that was decided pre-AEDPA is misplaced. Prior to AEDPA, there was no one-year statute of limitations and the cases cited by the petitioner correctly reflect the law as it was established at that time. However, those cases are inapplicable to cases (like the petitioner's) filed post AEDPA and subject to the one-year statute of limitations now in effect.

### III. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice.

---

[2] To the extent that the petitioner asserts that he discovered that § 2255 relief might be available in November of 2007, but that he had to wait until January 2008 for a friend in Los Angeles to send him the appropriate forms, that argument is unavailing. The Bureau of Prisons makes forms available to inmates, including § 2255 forms. In addition, had the petitioner merely contacted any federal Court, he could have had the forms within days.

4

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 4, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE