**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANTHONY BILLINGS,**

    **Petitioner,**

v.                                           **CIVIL NO.: 1:08CV47
CRIMINAL NO.: 1:04CR27-3
(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On January 28, 2008, the pro se petitioner Anthony Billings ("Billings") filed a habeas corpus motion pursuant to 28 U.S.C. §2255 in the Northern District of West Virginia. Billings' motion was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation ("R&R") pursuant to LR PL P 83.01 and Standing Order No. 5. Upon preliminary review, Magistrate Judge Kaull issued an R&R on March 4, 2008, recommending that this Court dismiss the case with prejudice because the motion is untimely. Billings filed objections on March 24, 2008.

This Court conducts a de novo review of any portions of the R&R to which a party objects, but may adopt any portion of the R&R to which no party objects without substantive review.[1]

In his objections, Billings alleges that he was unaware of the one-year statute of limitations on § 2255 motions. He argues,

---

[1] The failure to object to a portion of the Report and Recommendation not only waives the appellate rights on that issue, but also relieves the Court of any obligation to conduct a de novo review of the issue. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**BILLINGS V. USA**  1:08CV47
  1:04CR27-3

**ORDER ADOPTING REPORT AND RECOMMENDATION**

therefore, that he should be allowed to file his motion out of time. He also argues that this Court miscalculated his relevant conduct during his sentencing.

Upon de novo review, the Court finds that the Magistrate Judge properly applied the statute of limitations from 28 U.S.C. § 2255 and properly determined that Billings' motion was untimely. The Magistrate Judge also properly applied the rule of Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000), when he determined that equitable tolling of the statute of limitations does not apply in this case.

Consequently, the Court **DENIES** Billings' § 2255 motion (civil dkt. no. 1 & criminal dkt. no. 199), **ADOPTS** the R&R in its entirety (civil dkt. no. 9 & criminal dkt. no. 218) and **DISMISSES** this case **WITH PREJUDICE.**

It is **SO ORDERED.**

The Clerk is directed to mail a copy of this Order by certified mail, return receipt requested, to the pro se petitioner and to transmit copies of this Order to all counsel of record and all appropriate agencies.

DATED: March 25, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE